| STATE OF INDIANA | ) | IN THE HOWARD COUNTY COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF HOWARD | ) | CAUSE NO. 34D04-1705-PL-00405 |

WILLIAM EBERT,  )
  )
  Plaintiff,  )
  )
vs.  )
  )
HOWARD COUNTY SHERIFF'S  )
DEPARTMENT and SHERIFF  )
STEVEN ROGERS,  )
  )
  Defendants.  )

TO DEFENDANT:
Howard County Sheriff's Department
1800 West Markland Avenue
Kokomo, IN 46901

You are hereby notified that you have been sued by the person named as Plaintiffs and in the Court indicated above.

The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiffs.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney with twenty (20) days, commencing the day after you receive this Summons, (or 23 days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiffs.

If you have a claim for relief against the Plaintiffs arising from the same transaction or occurrence, you must assert it in you written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222) or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated: 5/5/17                    _____ (Seal)
                                 Clerk, Howard County Court

(The following manner of service of summons is hereby designated)

__X__ Registered or certified mail.
_____ Service at place of employment, to-wit: _____
_____ Service on individual - (Personal or copy) at above address, followed by copy of summons to U.S. Mail.
_____ Service on agent. (Specify) _____
_____ Other service. (Specify) _____

_____
Craig R. Karpe, Attorney for Plaintiff

KARPE LITIGATION GROUP
19 West 19th Street
Indianapolis, Indiana 46202
(317) 251-1840

| STATE OF INDIANA | ) | IN THE HOWARD COUNTY COURT |
| --- | --- | --- |
| COUNTY OF HOWARD | ) SS:<br>) | CAUSE NO.  34D04- 1 7 0 5 -PL- 0 0 4 0 5 |

| WILLIAM EBERT, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | JURY TRIAL REQUESTED |
|  | ) |  |
| HOWARD COUNTY SHERIFF'S DEPARTMENT and SHERIFF STEVEN ROGERS, | ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

**FILED**

**MAY 15 2017**

KIM WILSON
Clerk Howard Superior Court
DIVISION 4

## COMPLAINT FOR DAMAGES

The Plaintiff William Ebert, by counsel, respectfully submits his Complaint for Damages for discrimination under the Americans with Disabilities Act of 1990 against the Howard County Sheriff Department and Sheriff Steven Rogers (collectively "HCSD"). In support of this complaint, Plaintiff asserts and alleges:

1. Plaintiff, William Ebert, is a resident of the State of Indiana, and maintains his primary domicile at 1344 S. Jay Street, Kokomo, Indiana 46902.

2. At all times material hereto, Plaintiff was an employee and Defendants his employer, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA).

3. Plaintiff William Ebert began work for HCSD on January 18, 2000. By July 2015 he was earning $31,500.00 base pay plus overtime of approximately $10,500.00 a year as a Deputy Sheriff in Corrections.

4. On July 6, 2015, Mr. Ebert and his family were involved in an accident with a drunk driver, causing serious injury, including neurological damage. At this time Plaintiff became and continues to be an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

5. On August 13, 2015 Mr. Ebert was released to return to duty by Goodman Campbell Brain and Spine with restrictions on his activity.

6. Plaintiff requested to return to work with a reasonable accommodation for his disability from the Defendants, which was denied.

7. On or about August 19, 2015, Plaintiff William Ebert met with Assistant Jail Commander Robyn Byers, and Jail Commander Harold Vincent. Commander Vincent was not convinced that Mr. Ebert could return to work and requested additional medical information. William Ebert was not told he was to be terminated at the meeting.

8. On October 6, 2015, Plaintiff William Ebert had a meeting with Howard County Personnel Manager Wanda McKillip. This was the first time William Ebert was told he could not continue in his position at HCSD. Ms. McKillip told Mr. Ebert that he needed to file for social security disability before he was terminated or he would lose eligibility for it.

9. The next day Mr. Ebert met with HCSD Personnel Manager Loretta Moon. She stated they had received additional medical information from a "Dr. Moffit" and alluded to the fact that Mr. Ebert would be terminated. Mr. Ebert's termination became effective on October 27, 2015.

10. At his meeting with Assistant Jail Commander Robyn Byers, and Jail Commander Harold Vincent on or about August 19, 2015, William Ebert admitted he had some physical deficits, and requested a reasonable accommodation to return to light duty. Commander Vincent wanted additional medical information before making a decision on whether Mr. Ebert could return in any capacity. Mr. Ebert was ultimately not allowed any opportunity to attempt light duty, and was notified of his pending termination on October 6, 2015.

11. HCSD has customarily allowed injured employees a number of light duty assignments, none of which was offered to Mr. Ebert. These include, Central Control, Administration, Front desk assistant, Running visitation, Records Department, Civil Process, Dispatch, and Mail Clerk.

12. Under the ADA, prohibited "discrimination" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability...." 42 U.S.C. § 12112(b)(5)(A). Mr. Ebert was discriminated against when he was not afforded a reasonable accommodation to allow him to maintain his employment with HCSD.

13. Title II of the ADA, found at 42 U.S.C. §§12131-12134, extends to state and local governments the non-discrimination provisions of the Act.

14. State courts have concurrent jurisdiction over ADA claims. *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821, 110 S.Ct. 1566, 1567, 108 L.Ed.2d 834 (1990).

15. Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

16. Plaintiff's injury is a physical impairment that substantially limits one or more major life activities.

17. Plaintiff has a record of a physical impairment that substantially limits one or more major life activities.

18. Defendants were aware of Plaintiff's injury.

19. Defendants regarded Plaintiff's injury as a physical impairment that substantially limited one or more major life activities.

20. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendants' decision terminate his employment.

21. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendants' decision not to place him in another position with Defendants.

22. Defendants were predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

23. The actions of Defendants were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

24. As a direct and proximate result of Defendants' violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

25. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss

of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

26. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has incurred attorney's fees, costs, and out-of-pocket expenses.

WHEREFORE, the Plaintiff respectfully prays for an award against the Defendants in an amount that will fairly and fully compensate Plaintiff for all losses, injuries and damages, for attorney's fees, out-of-pocket expenses, for exemplary damages, the costs of this action, and for all other just and proper relief.

Respectfully submitted,

Craig R. Karpe #18726-02

Attorney For Plaintiff

KARPE LITIGATION GROUP
19 W. 19th Street
Indianapolis, IN 46202
(317) 251-1840

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HOWARD COUNTY COURT |
| | ) SS: | |
| COUNTY OF HOWARD | ) | CAUSE NO. 34D04-1705-PL-00405 |
| WILLIAM EBERT, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| HOWARD COUNTY SHERIFF'S DEPARTMENT and SHERIFF STEVEN ROGERS, | ) | |
| Defendants. | ) | |

FILED
MAY 15 2017
KIM WILSON
Clerk Howard Superior Court
DIVISION 4

## MOTION FOR JURY TRIAL

The Plaintiff, by counsel, hereby requests that a jury try the above captioned cause.

Respectfully Submitted,

_____
Craig R. Karpe #8726-02

Attorney for Plaintiff

KARPE LITIGATION GROUP
19 West 19th Street
Indianapolis, IN 46202
(317) 251-1840

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HOWARD SUPERIOR COURT 4 |
| | ) SS: | |
| COUNTY OF HOWARD | ) | CAUSE NO. 34D04-1705-PL-00405 |

| | |
|---|---|
| WILLIAM EBERT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOWARD COUNTY SHERIFF'S | ) |
| DEPARTMENT AND | ) |
| SHERIFF STEVEN ROGERS | ) |
| | ) |
| Defendants. | ) |

## APPEARANCE FORM (CIVIL)
Responding Party

**Case Number:** 34D04-1705-PL-00405

/ / Check if *Pro Se*

The undersigned attorney and all attorneys listed on this form now appear in this case for the following:

1. HOWARD COUNTY SHERIFF'S DEPARTMENT AND SHERIFF STEVEN ROGERS
   Name or names of responding party or parties.

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rule 3.1 and 77(B) is as follows:

   Aimee Rivera Cole           Attorney Number: 24669-45
   **TRAVELERS STAFF COUNSEL**  E-Mail: arcole@travelers.com
   280 E. 96th Street, Suite 325  Phone: 317-818-5100
   Indianapolis, IN 46240       FAX:   317-818-5124

3. There are other party members: Yes _____   No ___X___

4. If first initiating party filing this case, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):_____

5. I will accept service by EMAIL at arcole@travelers.com.

6.     I will accept service by FAX at the above noted number:  Yes ___ No X

7.     This case involves support issues: Yes ___ No___ X

8.     There are related cases:  Yes ___ No X

9.     This form has been served on all other parties.  Certificate of Service attached.

10.    Additional information required by local rule:

Respectfully submitted,

**TRAVELERS STAFF COUNSEL INDIANA**

By: *Aimee Rivera Cole*
Aimee Rivera Cole, #24669-45

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 7, 2017, a copy of this document has been duly served upon all persons listed below, by United States mail, first-class postage prepaid:

Craig R. Karpe
KARPE LITIGATION GROUP
19 West 19th Street
Indianapolis, IN  46202

By: *Aimee Rivera Cole*
Aimee Rivera Cole, #24669-45

Travelers Staff Counsel
280 E. 96th Street, Suite 325
Indianapolis, IN  46240
Telephone:  (317) 818-5100
Fax:  (317) 818-5124
ARC/km

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HOWARD SUPERIOR COURT 4 |
| | ) SS: | |
| COUNTY OF HOWARD | ) | CAUSE NO. 34D04-1705-PL-00405 |

| | |
|---|---|
| WILLIAM EBERT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOWARD COUNTY SHERIFF'S | ) |
| DEPARTMENT AND | ) |
| SHERIFF STEVEN ROGERS | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME**

Come now the Defendants, Howard County Sheriff's Department and Sheriff Steven Rogers, by counsel, and would respectfully move the Court for an enlargement of time pursuant to Ind. Trial Rule 6(B)(1) and would show the Court:

1. That a response to Plaintiff's Complaint is due on June 7, 2017, and that said time has not expired.

2. That no prior enlargements have been requested.

3. That said enlargement of time would expire on **July 7, 2017**.

4. That such enlargement of time is necessary so that the attorney for the Defendants will be able to properly investigate the allegations in the Plaintiff's Complaint in order to adequately respond to the Plaintiff's Complaint.

WHEREFORE, the Defendants, would respectfully pray for an enlargement of time to respond to Plaintiff's Complaint, and for all other just and proper relief in the premises.

Respectfully submitted,

**TRAVELERS STAFF COUNSEL INDIANA**

By: _/s/ Aimee Rivera Cole_
Aimee Rivera Cole, #24669-45

### CERTIFICATE OF SERVICE

The undersigned certifies that on June 7, 2017, a copy of this document has been duly served upon all persons listed below, by United States mail, first-class postage prepaid:

>Craig R. Karpe
>KARPE LITIGATION GROUP
>19 West 19th Street
>Indianapolis, IN  46202

By: _/s/ Aimee Rivera Cole_
Aimee Rivera Cole, #24669-45

Travelers Staff Counsel
280 E. 96th Street, Suite 325
Indianapolis, IN  46240
Telephone:  (317) 818-5100
Fax:  (317) 818-5124
ARC/km

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HOWARD SUPERIOR COURT 4 |
| | ) SS: | |
| COUNTY OF HOWARD | ) | CAUSE NO.  34D04-1705-PL-00405 |

```
WILLIAM EBERT               )
                            )
        Plaintiff,          )
                            )
    v.                      )
                            )
HOWARD COUNTY SHERIFF'S     )
DEPARTMENT AND              )
SHERIFF STEVEN ROGERS       )
                            )
        Defendants.         )
```

**ORDER ENLARGING TIME TO ANSWER**

The Court, having reviewed the Motion for Enlargement of Time filed by the Defendants, and being duly advised in the premises, now GRANTS said Motion.

IT IS THEREFORE ORDERED that the time within which the Defendants, are required to respond to the Plaintiffs' Complaint, is enlarged to and including **July 7, 2017.**

Date: _____                    _____
                                          Judge, Howard Superior Court 4

Copies To:
Aimee Rivera Cole
Travelers Staff Counsel
280 E. 96th Street, Suite 325
Indianapolis, IN  46240

Craig R. Karpe
KARPE LITIGATION GROUP
19 West 19th Street
Indianapolis, IN  46202

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HOWARD SUPERIOR COURT 4 |
| | ) SS: | |
| COUNTY OF HOWARD | ) | CAUSE NO.  34D04-1705-PL-00405 |

| | |
|---|---|
| WILLIAM EBERT | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| HOWARD COUNTY SHERIFF'S | ) |
| DEPARTMENT AND | ) |
| SHERIFF STEVEN ROGERS | ) |
|  | ) |
| Defendants. | ) |

### NOTICE OF DEFENDANTS, HOWARD COUNTY SHERIFF'S DEPARTMETN AND SHERIFF STEVEN ROGERS', APPLICATION TO REMOVE CAUSE TO FEDERAL COURT

Defendants, Howard County Sheriff's Department and Sheriff Steven Rogers, by counsel, hereby provide notice of the removal of this cause from the Howard Superior Court 4 to the United States District Court for the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. §1331, 28 U.S.C. §§ 1441 and 1446.   Attached hereto as Exhibit "A" is the Notice.

Respectfully submitted,

**TRAVELERS STAFF COUNSEL OFFICE**

By: _/s/ Aimee Rivera Cole_
Aimee Rivera Cole, #24669-45
Attorneys for Howard County Sheriff's
Department and Sheriff Steven Rogers

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 12, 2017, a copy of this document has been duly served upon all persons listed below, by United States mail, first-class postage prepaid:

    Craig R. Karpe
    KARPE LITIGATION GROUP
    19 West 19th Street
    Indianapolis, IN  46202

        By: _____
              Aimee Rivera Cole, #24669-45

Travelers Staff Counsel
280 E. 96th Street, Suite 325
Indianapolis, IN  46240
Telephone:  (317) 818-5100
Fax:  (317) 818-5124
ARC/km